UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TOMARCUS PORTER | CIVIL ACTION |
| VERSUS | NO: 24-00503 |
| JOHNATHAN TYNES, et al. | SECTION: T |

### ORDER AND REASONS

Before the Court are Plaintiff Tomarcus Porter's Motion for Reconsideration, R. Doc. 29, and his Motion for Leave to File Declaratory Judgment/Injunctive Relief, R. Doc. 30. Essentially, Plaintiff's motions seek relief from the Court's Order, R. Doc. 27, adopting the Report and Recommendation of the Magistrate Judge, R. Doc. 19. The Court issued a judgment in favor of the defendants. R. Doc. 28. The Court will treat Plaintiff's Motions as seeking review under Federal Rules of Civil Procedure, Rule 60(b). For the reasons set forth below, the Motions will be denied.

Plaintiff seeks relief from the Judgment dismissing his case, essentially asking for relief pursuant to Rule 60(b). "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect." Fed. R.Civ. P. 60(b)(1). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Pryor v. U.S. Postal Service*, 769 F.2d 281, 286 (5th

1

Cir. 1985). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993). "In fact, a court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court." *Id.* "Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief." *Vafaiyan v. City of Wichita Falls*, 398 Fed.Appx. 989, 990 (5th Cir. 2010) (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (holding that a pro se "litigant acquiesces in and subjects himself to the established rules of practice and procedure.")). The Court should also consider the following factors:

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to do substantial justice; (4) whether the motion was made within a reasonable time; (5) whether–if the judgment was a default or a dismissal in which there was no consideration of the merits–the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgment, and there is merit in the movant's claim or defense; (6) whether there are any intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack.

*In re: Martinez*, 589 F.3d 772, 777 (5th Cir. 2009) (quoting *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F.3d 350, 355-57 (5th Cir.1993)).

In his Motion, Plaintiff appears to explain why he failed to respond to the Court's Order to Show Cause. That Order required Plaintff to show cause why he had failed to provide the proper name and address of one of the alleged perpetrators. R. Doc. 16. The Order of June 14, 2024, was

2

returned as undeliverable on June 28, 2024. Plaintiff now states the Magistrate Judge's Report and Recommendation, issued on July 22, 2024, became misplaced. R. Doc. 29, p. 1. He also states he did not respond to the Order to Show Cause apparently because he was required to appear in state court to contest his criminal charges. *Id.* The Court can discern no basis under Rule 60(b) to revisit or reconsider its prior rulings. Plaintiff's arguments were previously considered and rejected by the Court before it adopted the Magistrate Judge's Report and Recommendation. *See* R. Doc. 27 (plaintiff filed various pleadings: seeking a stay, responding to the Motion to Dismiss, noticing a change of address, objecting to the Magistrate's Report, seeking a continuance, and seeking leave to file an amended complaint). *See* R. Docs. 20, 21, 22, 23, 24, and 25. In short, Plaintiff has failed to make a sufficient showing that there was any error or mistake in the Court's ruling on December 30, 2024, adopting the Magistrate Judge's Report and Recommendation, dismissing Plaintiff's claims without prejudice, and entering judgment for all defendants.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (R. Doc. 29) and Motion for Leave to File Declaratory Judgment/Injunction Relief (R. Doc. 30) are DENIED.

New Orleans, Louisiana, this 1st day of April 2025.

_____
GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE